IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | CR. NO. 2:06cr135-WKW |
| | ) | WO |
| UNDREA MCCALL | ) | |

**ORDER ON MOTION**

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing was held in this case on the court's own motion on July 5, 2006. I find that the credible testimony and information submitted at the hearing, including the pretrial services report, establishes by a preponderance of the evidence that defendant presents a risk of flight.

The defendant is charged with eleven counts of bank fraud in violation of 18 U.S.C. §1344. He faces a possible sentence of approximately 21-27 months (with a maximum sentence of 30 years imprisonment on each count) and restitution of more than $50,000 if he is convicted.

Defendant has a history of failure to appear and bond and probation violations. In February 1994, he failed to appear for trial in Ohio on a 1993 charge of felonious assault. Just over two months later, in April 1994, his bond was ordered forfeited. In September, 1994, defendant was charged with being a fugitive from the state of Ohio. He was picked up by the Montgomery County, Alabama, sheriff's office and returned to Ohio, where he was sentenced on the felonious assault charge and an additional charge of aggravated trafficking of a controlled substance.

On October 8, 1996, a warrant was issued for defendant's failure to comply with the

conditions of his probation on the felonious assault conviction. On May 26, 1997, defendant was again charged with being a fugitive from justice. He was arrested in San Bernardino, California and returned to Ohio. He pled guilty to a probation violation on June 23, 1997. On July 7, 1997, defendant's bond was revoked and he was remanded to the Summit County, Ohio, jail, to be released when a bed became available in a substance abuse treatment facility. His probation was thereafter extended twice before he was discharged from probation on February 26, 1998.

Defendant was indicted in this court for theft/embezzlement of U.S. property and false statements on April 28, 1998. A warrant was issued for his arrest on the following day. However, according to the docket sheet for 2:98-cr-00073, defendant could not be located at his Montgomery, Alabama, address, and a court order for telephone records had to be issued so that authorities could determine his whereabouts. Defendant was arrested in the Northern District of Ohio on September 18, 1998, nearly five months after he was indicted.

After removal of the defendant to this district, the government moved for detention in defendant's case. The undersigned conducted a detention hearing and released defendant on a bond and conditions of release, including electronic monitoring. Defendant pled guilty to a superceding misdemeanor information on November 23, 1998, and he was released and continued under the same conditions previously imposed pending sentencing, which was ultimately scheduled for March 10, 1999. However, on March 5, 1999, the pretrial services officer filed a violation report indicating that defendant left his residence without permission on March 3, 1999. The officer was informed by defendant's cousin on the following day that defendant had stolen her car, and he was told by defendant's father that defendant was

headed to California. The defendant absconded from the custody of this court with the electronic monitoring bracelet still on his ankle.

The court issued an arrest warrant on March 9, 1999, and defendant was arrested in the Northern District of Ohio on March 11, 1999. He was detained pending sentencing, and sentenced on April 9, 1999. The majority of his $8,606.61 restitution remains unpaid, although defendant reported significant income and assets to the pretrial services officer during his interview in connection with the present case.

Defendant has a history of failures to appear in traffic cases. He has an outstanding misdemeanor warrant from Hudson County, Ohio, for failure to appear on a traffic offense. His driver's license is revoked.

Defendant's current employment requires him to travel throughout the Southeast. He has contacts in Ohio, where his mother still resides. His girlfriend, with whom he proposed to live if he were released, has recently pled guilty to charges similar to those brought against defendant in this case.

Based on the foregoing, the court concludes that there are no conditions or combination of conditions which will reasonably assure the appearance of the defendant and that the defendant should be detained. Therefore, it is

ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private

consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

      DONE, this 6th day of July, 2006.

    /s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE