IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:06-cr-135-WKW |
| | ) | |
| UNDREA MCCALL | ) | |

## PLEA AGREEMENT

DEFENSE COUNSEL:          BEN BRUNER

ASSISTANT U.S. ATTORNEY:    KENT B. BRUNSON


## COUNT AND STATUTES CHARGED:

Counts One-Eleven          18 U.S.C. § 1344

## COUNT PLEADING PURSUANT TO PLEA AGREEMENT:

Count One                 18 U.S.C. § 1344

Count Two                 18 U.S.C. § 1344

## PENALTIES BY COUNT - MAXIMUM PENALTY:

Counts One & Two          18 U.S.C. § 1344
        Sentence of not more than $1,000,000 and a term of imprisonment of not more than 30
years, or both. Special Assessment of $100.00 and a term of supervised release of not more than 5
years.

## ELEMENTS OF THE OFFENSE:

Counts One & Two          18 U.S.C. § 1344
        First:      Defendant knowingly executed a scheme to defraud a financial institution and
                    obtain money under the custody and control of a financial institution by
                    means of false and fraudulent representations;
        Second:     Defendant did so with intent to defraud; and,
        Third:      Financial institutions was insured by the United States Government.


\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Kent B. Brunson, Assistant United States Attorney, and Ben Bruner, attorney for the defendant, pursuant to the provisions of Rule 11(c)(1)(B), Federal Rules of Criminal Procedure, as Amended, have, with the authorization of the undersigned defendant, heretofore entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Indictment herein and a Plea Agreement has been reached by said parties in the following respects.

## GOVERNMENT'S PROVISIONS

1.      Upon entering a plea of guilty by the defendant to Count One and Two of the indictment, the attorney for the government will do the following:

a.      The government will agree, that a 2-level reduction in the applicable offense level pursuant to U.S.S.G. § 3E1.1(a) for the defendant's acceptance of responsibility is appropriate, so long as the defendant does not obstruct justice or otherwise fail to accept responsibility for the offense conduct. Should the Government find the defendant assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and this Court to allocate their resources efficiently, the Government will move at sentencing for a further reduction of one level, pursuant to U.S.S.G. § 3E1.1(b). Determination of whether the defendant's obligations to qualify for the reduction pursuant to U.S.S.G. § 3E1.1 is at the sole discretion of the United States. The government will further recommend a one level reduction in the Defendants offense level for Substantial Assistance he has provided to law enforcement pursuant to 5 5 K1.1 of the USS.G.

2.      The government will move to dismiss Counts Three-Eleven of the Indictment at sentencing.

3.      The government will recommend a sentence at the low end of the appropriate advisory guideline range.

2

4.     The United States reserves the right to inform the Court and the Probation

Department of all facts pertinent to the sentencing process, including all relevant information

concerning the offenses and the defendant's background.

## DEFENDANT'S PROVISIONS

5.     The defendant agrees to the following:

a.     To plead guilty to Counts One and Two of the Indictment.

b.     Defendant will agree to make full restitution for amount to be determined

by probation office and is expected to be approximately $44,137.86.

## FACTUAL BASIS

c.     The defendant understands the nature of the charge to which the plea is

offered involves proof that on or about the 28th day of May, 2003, in Millbrook, Alabama, within

the Middle District of Alabama, and elsewhere,

UNDREA MCCALL,

defendant herein, knowingly and willfully and aided and abetted by others known and unknown to

the Grand Jury, did execute a scheme to defraud the Peoples Bank and Trust, Millbrook Branch, the

deposits of which were then insured by the Federal Deposit Insurance Corporation. The scheme to

defraud consisted of the Defendant, aided and abetted by others, obtaining a legitimate check issued

by Casey Feed, L.L.C., check number 6093, and replicating the account number of the legitimate

check on a blank check obtained from a business supply company by using computer check programs

which allowed the Defendant, aided and abetted by others, to substitute the name of William Teasley

as payee, and to alter the identification information and telephone number of the account holder. The

3

Defendant, aided and abetted by others, then had William Teasley present the fraudulent check for payment on the victim payee's account. On or about May 28, 2003, the Defendant, aided and abetted by others, caused William Teasley to fraudulently obtain $6,240.52 from Peoples Bank and Trust, Millbrook, Alabama. All done in violation of Title 18, United States Code, Section 1344.

On or about the 28th day of May, 2003, in Tallasee, Alabama, within the Middle District of Alabama, and elsewhere,

UNDREA MCCALL,

defendant herein, knowingly and willfully and aided and abetted by others known and unknown to the Grand Jury, did execute a scheme to defraud the Peoples Bank and Trust, Tallasee Branch, the deposits of which were then insured by the Federal Deposit Insurance Corporation. The scheme to defraud consisted of the Defendant, aided and abetted by others, obtaining a legitimate check issued by Casey Feed, L.L.C., check number 6094, and replicating the account number of the legitimate check on a blank check obtained from a business supply company by using computer check programs which allowed the Defendant, aided and abetted by others, to substitute the name of William Teasley as payee, and to alter the identification information and telephone number of the account holder. The Defendant, aided and abetted by others, then had William Teasley present the fraudulent check for payment on the victim payee's account. On or about May 28, 2003, the Defendant, aided and abetted by others, caused William Teasley to fraudulently obtain $5,634.22 from Peoples Bank and Trust, Tallasee, Alabama. All done in violation of Title 18, United States Code, Section 1344.

<strong>DEFENDANTS' UNDERSTANDING AND ACKNOWLEDGMENT</strong>

6.    The defendant, before entering a plea of guilty to Count One of the Indictment as provided for herein by said Plea Agreement, advises the Court that:

4

      a.     The discussions between the attorney for the government and the attorney for the defendant towards reaching an agreed plea in this case have taken place with the defendant's authorization and consent.

      b.     The defendant further understands that pursuant to Title 18, United States Code, Section 3013, the $100.00 assessment is to be paid by the defendant on the date of sentencing.

      c.     The defendant understands that the defendant has a right to be represented by an attorney at every stage of the proceedings against the defendant herein and is represented by the defendant's undersigned attorney.

      d.     The defendant understands that the defendant has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right to call witnesses in the defendant's own behalf, and the right not to be compelled to incriminate the defendant, and that if the defendant enters a plea of guilty herein, there will not be a further trial of any kind and that by the entry of such a plea, the defendant waives the right to a trial by jury or to a trial before the Court.

      e.     The defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further understands that if the defendant answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

5

f.      Defendant further understands and advises the Court that the plea

agreement as set forth herein and the plea to be entered by the defendant as a result thereof is

voluntary on the defendant's part and is not the result of any force or threats or of any promises

apart from the aforesaid Plea Agreement. The defendant further advises the Court that the Plea

Agreement set forth herein is the result of prior discussions between the attorney for the

Government and the attorney for the defendant, all conducted with the defendant's authorization,

knowledge and consent.

g.      The defendant further advises the Court that the defendant's understanding

of this Plea Agreement is as set forth in this document.

h.      The defendant further advises the Court that the defendant understands and

has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to

the crimes charged in the Indictment herein, or of statements made in connection with and

relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings

against the defendant. However, the defendant does understand that evidence of a statement

made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead

guilty to the crimes charged in the Indictment herein, is admissible in a criminal proceeding for

perjury or false statement when the statement was made by the defendant under oath, on the court

record, and in the presence of counsel.

i.      The Defendant is satisfied that defense counsel has been competent and

effective in representing defendant.

7.      The defendant understands that the U.S. Probation Office will prepare a

presentence investigation report for the Court. The Probation Officer will consider defendant's

6

conduct related to the offense to which the plea if offered, as well as the defendant's criminal

history.  The offense level or criminal history category as calculated by the Probation Officer and

determined by the court may differ from that projected by defendant's counsel or the U.S.

Attorney.

This _____ day of October, 2006.

Respectfully submitted,

LEURA GARRETT CANARY
UNITED STATES ATTORNEY

Louis V. Franklin, Sr.
Chief, Criminal Section
Post Office Box 197
Montgomery, Alabama 36101
(334)223-7280

Kent B. Brunson
Assistant United States Attorney

7

I have read the foregoing Plea Agreement, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL, BEN BRUNER.

Undrea McCall
Defendant

10/10/06
Date

Ben Bruner
Attorney for the Defendant

10/10/06
Date

8